Lindsay R. McKasson (CA Bar # 293144)
lindsay@binnall.com
Binnall Law Group, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone Number (703) 888-1943
Fax Number: (703) 888-1930

*Attorney For Plaintiff Jane Doe*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**
OAKLAND DIVISION

| | |
|---|---|
| JANE DOE, <br><br> Plaintiff, <br><br> vs. <br><br> NIMARTA GREWAL, *in her official and individual capacities*; MARQUITA GRENOT-SCHEYER, *in her official capacity,* <br><br> Defendants. | Case No.: 3:24-cv-05344 <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM** <br><br> Hearing Date:  TBD <br><br> **Judge:         TBD** <br> **Address:      TBD** <br> **Courtroom:  TBD** |

**TO ALL PARTIES:**

PLEASE TAKE NOTICE THAT Plaintiff Jane Doe will move for leave to proceed under a pseudonym. The grounds for this Motion are the sensitive nature of the complaint, the lack of prejudice from granting the Motion, and as further set out below.

Upon the Court's assignment of a district judge to this matter, Plaintiff Doe will provide a second notice to all parties with the date, time, and location of the hearing.[1]

DATED: September 5, 2024

/s/ Lindsay R. McKasson

Lindsay R. McKasson, CA Bar # 293144
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
lindsay@binnall.com

*Attorney For Plaintiff Jane Doe*

---

[1] Plaintiff filed her Declination to Proceed Before a U.S. Magistrate Judge on August 27, 2024.

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................ i

TABLE OF AUTHORITIES ................................................................................................. ii

BACKGROUND ................................................................................................................... 1

ARGUMENT ........................................................................................................................ 4

    **I.**    The Severity of Threatened Harm Warrants Pseudonymity ....................... 5

    **II.**   Ms. Doe's Concerns are Reasonable. ............................................................ 7

    **III.**  The Identification of Ms. Doe Poses Potential Retaliatory Harm. .............. 7

    **IV.**  There Is No Risk of Unfairness to Defendants. ............................................ 8

    **V.**   There is no Public Interest in Ms. Doe's Identity. ........................................ 9

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*,
  596 F.3d 1036, 1042 (9th Cir. 2010) ........................................................................... 4

*Doe v. Lloyd*,
  No. 5:21-cv-00096, 2022 WL 19766613, at *4 (C.D. Cal. Feb. 14, 2022) .................. 6

*Doe v. Purdue Univ.*,
  No. 4:19-cv-56, 2019 WL 3887165 (N.D. Ind. Aug. 19, 2019) ................................... 5

*Doe v. The Rector and Visitors of George Mason Univ.*,
  179 F. Supp. 3d 583 (E.D. Va. 2016) ......................................................................... 5

*Doe v. U.S. Healthworks Inc.*,
  No. 15-cv-05689, 2016 WL 11745513, at *5 (C.D. Cal. Feb. 4, 2016) ....................... 7

*Doe v. Virginia Polytechnic Ints. and State Univ.*,
  No. 7:19-cv-00249, 2020 WL 1287960 (W.D. Va. Mar. 18, 2020) ............................. 5

*Does I thru XXIII v. Advanced Textile Corp.*,
  214 F.3d 1058, 1068 (9th Cir. 2000) .......................................................... 4, 5, 7, 8, 9

*Jane Roes 1–2 v. SFBSC Mgmt., LLC*,
  77 F. Supp. 3d 990, 993 (N.D. Cal. 2015) ............................................... 4, 5, 6, 7, 8, 9

*M.J.R. v. United States*,
  No. 23-cv-05821, 2023 WL 7563746, at *2 (N.D. Cal. Nov. 14, 2023) ...................... 7

*Mitchell v. Robert De Mario Jewelry, Inc.*,
  361 U.S. 288, 292 (1960) ............................................................................................ 9

*Roe v. St. John's Univ.*,

   No. 19-cv-4694, 2021 WL 1224895 (E.D.N.Y. Mar. 31, 2021) .................................. 5

*Roe v. United States*,

   No. 1:19-cv-00270, 2020 WL 869153, at *2 (E.D. Cal. Feb. 20, 2020) ...................... 7

**<u>Rules</u>**

Fed. R. Civ. P. 10(a) ............................................................................................................. 4

**<u>Regulations</u>**

Administrative Regulation 1312.1 ....................................................................................... 2

This action arises from an undisputedly false accusation of sexual misconduct brought against Plaintiff Jane Doe ("Ms. Doe") by her former student at the Pleasanton Unified School District ("School District"). After Ms. Doe was exonerated of horrendous and malicious false allegations of sexual harassment, the School District, in conjunction with the California Commission on Teacher Credentialing ("CTC"), nevertheless violated her due process rights and wrongfully revoked her teaching credentials.

Accusations of sexual misconduct are fundamentally private matters and may improperly brand someone for life. Indeed, Ms. Doe is concerned about the possibility of acts of reprisal against her should the allegations be publicized and linked to her true name. Therefore, Ms. Doe seeks to proceed under the pseudonym "Jane Doe" to protect her identity, so that she may vindicate her rights in this Court without inviting the very reputational harm she seeks to avoid.

## BACKGROUND

Plaintiff, Jane Doe, filed her Complaint on August 19, 2024. Ms. Doe was a public-school teacher at the School District. ECF No. 1 ("Compl.") at ¶ 1. Defendants are Nimarta Grewal, the Senior Director of Human Resources at the School District, and Marquita Grenot-Scheyer, the Chair of the CTC. *Id.* at ¶¶ 2, 3. The action stems from a male student filing a false Title IX complaint against her, alleging she sexually harassed him. *Id.* at ¶ 33.

The School District made no attempt to investigate the Title IX complaint. *Id.* at ¶ 34. Then, on June 29, 2023, after Ms. Doe had retired as previously

- 1 -
Plaintiff's Notice of Motion and Motion for Leave to Proceed Under Pseudonym
Case No. 3:24-cv-05344

planned due to her pursuing her doctorate to obtain future employment as a Doctor in Educational Leadership, Defendant Grewal sent a letter to Defendant Grenot-Scheyer. Compl. at ¶¶ 35, 79. This letter falsely stated Ms. Doe "resigned pending an allegation of misconduct," when Ms. Doe had actually given notice of her retirement several months earlier, while no allegations were pending. *Id.* at ¶ 35.

After sending this letter, the School District still made no attempts to investigate the complaint against Ms. Doe. *Id.* at ¶ 34. Accordingly, on September 14, 2023, Ms. Doe, through counsel, sent the School District a letter demanding it close the investigation, as it had exceeded the required 90-day deadline, and rescind the false statements it made to the CTC. *Id.* at ¶¶ 40-44.

Instead of responding to Doe's letter, the School District appointed external investigators and, on September 18, 2023, requested an interview with Ms. Doe. *Id.* at ¶¶ 45-47. The School District then informed Ms. Doe that they were not investigating her for any Title IX violations but, instead, were following a different process under Administrative Regulation 1312.1. *Id.* at ¶ 48. This was despite AR 1312.1 requiring a complainant to file a complaint within thirty days of the alleged incident, which did not happen. *Id.* at ¶¶ 50-51. Having no choice, Ms. Doe participated in the investigation, which lasted roughly three months. *Id.* at ¶ 62. Finally, on January 10, 2024, Ms. Doe was exonerated, as the investigators found her not responsible. *Id.* at ¶ 63.

While not finding her responsible for sexual harassment, Defendant Grewal inserted a finding that Ms. Doe violated a vague "Professional Standards" policy, Board Policy 4119.21. Compl. at ¶ 64. This was despite Ms. Doe never being accused of such a violation and having *zero* notice or chance to respond. *Id.* at ¶ 65.

Over six months after being found not responsible, however, on July 28, 2024, the CTC revoked Ms. Doe's teaching credentials. *Id.* at ¶ 71. In doing so, the CTC relied on the false statement that Defendant Grewal made and found, erroneously, that "[Ms. Doe] resigned from the District, pending allegations of misconduct that she engaged in grooming behavior with an 8th grade student…" *Id.* at ¶ 72. These were the same allegations that the School District found Ms. Doe not responsible. *Id.* The revocation came without warning, as Ms. Doe had not received a single letter from the CTC regarding her credentials or the subject investigation. Ms. Doe only later found out, through counsel, that CTC had sent notices regarding its investigation and Doe's credentials to an incorrect address. *Id.* at ¶ 75.

Ms. Doe immediately informed the CTC that it had sent all of the notices to an incorrect address and asked whether the CTC would grant her a new hearing. *Id.* at ¶ 76. Ms. Doe also informed the CTC that the School District had cleared her of any sexual harassment allegations. *Id.* In response, however, the CTC told Ms. Doe that it could not grant a new hearing or take any remedial action on Ms. Doe's credentials until at least a year had passed. *Id.* at ¶ 77.

Importantly, Ms. Doe's current job requires her to have teaching credentials through the CTC. *Id.* at ¶ 78. As a result, her future employment as a Doctor in Educational Leadership is in jeopardy. *Id.* at ¶ 79. Accordingly, Ms. Doe brought this suit and now moves for leave to proceed under a pseudonym due to the sensitive nature of the case and the underlying allegations.

**ARGUMENT**

While the Federal Rules of Civil Procedure require that the complaint "include the names of all the parties," and that an action be prosecuted "in the name of the real party in interest," the decision whether to allow a plaintiff to proceed anonymously is within the discretion of the trial court. Fed. R. Civ. P. 10(a); *Jane Roes 1–2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015). In the Ninth Circuit, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *SFBSC Mgmt., LLC*, 77 F. Supp. 3d at 993 (quoting *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)). In assessing whether a party may proceed pseudonymously, the Ninth Circuit employs a non-exhaustive five-part test. *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010). The factors to be considered are: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, ... (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Id.* (citations omitted).

Further, this Court has found that cases of a sexual nature generally warrant pseudonym protection. *SFBSC Mgmt., LLC*, 77 F. Supp. 3d at 994 (collecting cases). In similar cases in other courts where a plaintiff has been accused of sexual harassment, and later sued to vindicate themselves, courts frequently grant motions to proceed under a pseudonym.[1] Considering the treatment of sexual misconduct cases in courts across the nation, as delineated above, and an application of the Ninth Circuit's balancing test below, Ms. Doe should be granted leave to proceed pseudonymously.

## I. The Severity of Threatened Harm Warrants Pseudonymity.

As this this Court has noted, preserving privacy "in a matter of sensitive and highly personal nature" is one of three reasons this Court generally grants leave to proceed under a pseudonym. *SFBSC Mgmt., LLC*, 77 F. Supp. 3d at 993 (quoting *Advanced Textile Corp.*, 214 F.3d at 1068). Pseudonymity is also appropriate is "when identification creates a risk of retaliatory physical or mental harm." *Id.* (quoting *Advanced Textile Corp.*, 214 F.3d at 1068). Generally, pseudonyms are allowed to "protect a person from ... ridicule or personal embarrassment." *Id.* (quoting *Advanced Textile Corp.*, 214 F.3d at 1067-68). And "[t]he most compelling situations involve matters which are highly sensitive, such

---

[1] *See Doe v. The Rector and Visitors of George Mason Univ.*, 179 F. Supp. 3d 583 (E.D. Va. 2016); *Doe v. Virginia Polytechnic Ints. and State Univ.*, No. 7:19-cv-00249, 2020 WL 1287960 (W.D. Va. Mar. 18, 2020); *Doe v. Purdue Univ.*, No. 4:19-cv-56, 2019 WL 3887165 (N.D. Ind. Aug. 19, 2019); *Roe v. St. John's Univ.*, No. 19-cv-4694, 2021 WL 1224895 (E.D.N.Y. Mar. 31, 2021).

as social stigmatization." *SFBSC Mgmt., LLC*, 77 F. Supp. 3d at 993 (quoting *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981)).

Here, the underlying facts relate to alleged sexual harassment, for which Ms. Doe was exonerated. Despite this exoneration, Ms. Doe has faced immeasurable harm by way of the suspension of her teaching credentials, resulting in lost job opportunities. This matter is plainly sensitive and of a highly personal nature, making pseudonymity proper. Moreover, disclosure of Ms. Doe's identity could result in both physical and mental harm. Absent anonymity, Ms. Doe will suffer ridicule, embarrassment, and social stigmatization. Thus, Ms. Doe seeks to minimize any additional harm from Defendants' wrongful conduct. Indeed, requiring Ms. Doe to proceed under her real name would cause the continued harm she seeks to avoid. If her name is public, then she cannot be made whole because this sensitive and prejudicial information will be published in the public arena. The damage will have been done. Similar concerns were sufficient for granting leave to proceed under a pseudonym in *SFBSC Management, LLC*, 77 F. Supp. 3d at 994;[2] *see also Doe v. Lloyd*, No. 5:21-cv-00096, 2022 WL 19766613, at *4 (C.D. Cal. Feb. 14, 2022) (holding that potential economic harm may be sufficient for finding in favor of allowing a pseudonym when the matter is of a "sensitive and highly personal nature."), *citing Doe v. U.S. Healthworks Inc.*,

---

[2] In *SFBSC Management, LLC*, the plaintiffs were former exotic dancers seeking pseudonymity in a case involving lost wages. 77 F. Supp. 3d at 992-93. Given the sexual nature of the case, the Court granted the plaintiffs leave to proceed under a pseudonym to avoid the social stigmatization that would follow from being involved in such a career. *Id.* at 993.

- 6 -

No. 15-cv-05689, 2016 WL 11745513, at *5 (C.D. Cal. Feb. 4, 2016). Thus, the first factor weighs heavily in favor of anonymity.

### II.  Ms. Doe's Concerns are Reasonable.

The second factor looks not at whether the plaintiff's feared harm will actually occur and instead looks to whether the fear is reasonable. *Advanced Textile Corp.*, 214 F.3d at 1070. Concerns of "personal embarrassment and further emotional injury" can be sufficient. *M.J.R. v. United States*, No. 23-cv-05821, 2023 WL 7563746, at *2 (N.D. Cal. Nov. 14, 2023). Risks of social stigmatization are likewise a reasonable fear. *Roe v. United States*, No. 1:19-cv-00270, 2020 WL 869153, at *2 (E.D. Cal. Feb. 20, 2020). Here, as described above, Ms. Doe has reasonable fears stemming from a highly sensitive and personal matter, the disclosure of which would result in emotional injury, embarrassment, and social stigmatization.

Ms. Doe also has reasonable fears relating to potential economic harm she could face should her name become synonymous with the underlying sexual harassment allegations as it would be certain to impact her future employment prospects. Accordingly, the second factor is satisfied.

### III.  The Identification of Ms. Doe Poses Potential Retaliatory Harm.

While framed as a factor that "specifically addresses career retaliation by an employer defendant, its terms and concerns usefully frame the general question of whether a plaintiff seeking anonymity faces *any* harm." *SFBSC Mgmt., LLC*, 77 F. Supp. 3d at 995 (emphasis added). Here, should Ms. Doe be

required to disclose her true name, she could be targeted based solely on the false accusation that she committed sexual misconduct. Ms. Doe should not be punished by having her name in the public simply because she seeks to restore her professional career after the baseless accusations raised against her for which she was found *not responsible*. Under the current social climate, there is no doubt that accusations of sexual misconduct are sufficient to tarnish a reputation. It matters not that Ms. Doe was not convicted of a crime or exonerated at the school level, the damage will be done. Having to live with this public reputation would be detrimental to Ms. Doe's mental health and career. This factor weighs in favor of anonymity.

**IV.    There Is No Risk of Unfairness to Defendants.**

Allowing Ms. Doe to proceed under a pseudonym will not inhibit the Defendants from defending themselves against her allegations. Defendants are aware of Ms. Doe's identity. Where a defendant has knowledge of the identity of the plaintiff, this lessens the risks of prejudice. *Advanced Textile*, 214 F.3d at 1069 n. 11. Likewise, in *SFBSC Mgmt., LLC*, this Court found that where the defendant knew the identity of the plaintiff, this minimized any risks concerning *res judicata* and discovery. 77 F. Supp. 3d at 995-96. Even if defendants did not know the identity in the initial phases, there are options, such as a protective order, to disclose her identity. *Id*. Therefore, permitting Ms. Doe to remain anonymous will not result in any prejudice to Defendants. This factor also weighs in pseudonymity.

**V.     There is no Public Interest in Ms. Doe's Identity.**

Finally, when analyzing this factor, the "crucial thing" is that "[t]he basic facts of the plaintiffs' employment and the defendants' challenged conduct, the court's reasoning, and the resulting interplay of those things—which is to say, in a word, the law that runs through and results from this case—will be open to the public" *SFBSC Mgmt., LLC*, 77 F. Supp. 3d at 996. This is especially true when the defendants and the court cannot point to any reason for why "disguising plaintiffs' identities will obstruct the public scrutiny of the important issues in [the] case." *Id.* (quoting *Advanced Textile*, 214 F.3d at 1072). The same rings true here. There is no public interest in learning Ms. Doe's identity; it is sufficient that the underlying facts and legal claims are public.

Further, the public "has an interest in seeing this case decided on the merits." *Advanced Textile*, 214 F.3d at 1073. "[F]ear of employer reprisals will frequently chill employees' willingness to challenge employers' violations of their rights." *Id.* (citing *Mitchell v. Robert De Mario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)). "Thus, permitting plaintiffs to use pseudonyms will serve the public's interest in this lawsuit by enabling it to go forward." *Id.* Here, there is a public interest in state activity, including activity that violates constitutional principles. That interest is advanced not only by this litigation proceeding, but also by protecting the identity of Ms. Doe so that future aggrieved parties, such as Ms. Doe, will feel confident coming forward to vindicate their rights. Accordingly, this final factor also favors proceeding under a pseudonym.

**CONCLUSION**

The Court should allow Ms. Doe to proceed under a pseudonym because of the private nature of the issues before the Court, and the risks to Ms. Doe's mental health. There is no unfairness to Defendants as the identity of Ms. Doe is known to them, nor does the public have a legitimate interest in her identity. Therefore, Ms. Doe requests she be allowed to proceed under a pseudonym for the duration of this litigation.

DATED: September 5, 2024

                                        */s/ Lindsay R. McKasson*
                                        Lindsay R. McKasson, CA Bar # 293144
                                        BINNALL LAW GROUP, PLLC
                                        717 King Street, Suite 200
                                        Alexandria, Virginia 22314
                                        Phone: (703) 888-1943
                                        Fax: (703) 888-1930
                                        lindsay@binnall.com

                                        *Attorney For Plaintiff Jane Doe*