UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NIMARTA GREWAL, et al.,<br><br>　　　　Defendants. | Case No.  24-cv-05344-JSC<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 26 |

The California Teaching Commission ("CTC") revoked Plaintiff Jane Doe's teaching credentials.[1]  Ms. Doe alleges the revocation was based on a false statement transmitted to the CTC by Nimarta Grewal, an administrator at the school where Ms. Doe taught.  So, Ms. Doe filed suit against Ms. Grewal, alleging violations of due process and tortious interference with economic advantage.  (Dkt. No. 1.)  Pending before the Court is Ms. Grewal's motion to dismiss.  (Dkt. No. 26.)  After carefully considering the parties' submissions, and having had the benefit of oral argument on November 14, 2024, the Court GRANTS Ms. Grewal's motion to dismiss.

I.     **COMPLAINT ALLEGATIONS**

Ms. Doe taught at Pleasanton Unified School District ("School District").  (Dkt. No. 1 ¶ 1.)[2]  On December 20, 2022, during a class party for students, "[a] male student got carried away and sat in Ms. Doe's chair by her desk."  (*Id.* ¶¶ 11, 13.)  "Ms. Doe joked with the student that if he did not move from her seat, she would sit on him."  (*Id.* ¶ 14.)  "As part of the joke, she gestured to sit on him."  (*Id.* ¶ 14.)  The students laughed, and a female student took a picture.  (*Id.*

---
[1] The Court granted Ms. Doe's request to proceed under a pseudonym.  (Dkt. No. 22.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1    ¶¶ 15-16.) "At no point did Ms. Doe actually sit on the male student." (*Id.* ¶ 18.)

2    Several weeks later, a student reported to school administrators that Ms. Doe sat on the
3    male student. (*Id.* ¶ 11.) On January 20, 2023, administrators met with Ms. Doe about the report
4    and told her "we believe you." (*Id.* ¶¶ 22-23.) "The school closed the January 2023 investigation
5    and did not take disciplinary action." (*Id.* ¶ 25.) About a week after her meeting with
6    administrators, "Ms. Doe submitted her notice of retirement, effective at the end of the school
7    year." (*Id.* ¶ 28.) One reason she retired "was to finish her doctorate and pursue a full time
8    faculty position in teacher education." (*Id.* ¶ 29.)

9    Several months later, in May 2023, the male student, through counsel, served a demand
10   letter on the school district to "'settle' the supposed sexual harassment claim." (*Id.* ¶ 31.) The
11   School District placed Ms. Doe on administrative leave "pending an investigation into allegations
12   of sexual harassment." (*Id.* ¶ 31.) While on administrative leave, Ms. Doe was notified the male
13   student filed a formal Title IX complaint against her. (*Id.* ¶ 33.) The School District did not
14   investigate the complaint. (*Id.* ¶ 34.) Ms. Doe retired as planned in June 2023. (*Id.* ¶ 34.)

15   After Ms. Doe retired, the School District sent a letter to the CTC, "a state government
16   entity responsible for the credentialing or licensure of the State's teachers." (*Id.* ¶¶ 3, 35.) The
17   letter stated Ms. Doe "resigned pending an allegation of misconduct." (*Id.* ¶ 35.) "The School
18   District made this . . . statement through" Ms. Grewal, the Senior Director of Human Resources at
19   the School District. (*Id.* ¶¶ 2, 36.)

20   On September 14, 2023, Ms. Doe informed the School District the 90-day deadline set by
21   school policy to investigate the Title IX complaint had passed and "demand[ed] the School
22   District rescind the false statement it made to the CTC." (*Id.* ¶¶ 41, 46.) The School District did
23   not respond. (*Id.* ¶ 45.)

24   Four days later, Ms. Doe learned the School District opened a new investigation. (*Id.* ¶
25   47.) The external investigators "clarified that they were not investigating any Title IX violation,
26   but were instead following a different process, under Administrative Regulation 1312.1." (*Id.* ¶
27   48.) The School District was notified the regulation required the complainant to file a complaint
28   within 30 days of the alleged incident, which had not occurred. (*Id.* ¶¶ 50-51.)

On October 5, 2023, the School District initiated a new investigation pursuant to a different administrative regulation. (*Id.* ¶ 53.) Ms. Doe received notice she was being investigated "for potentially violating District Board Policy and Administrative Regulation ('AR') 5145.7, titled 'Sexual Harassment.'" (*Id.* ¶ 55.) Ms. Doe participated in the investigation, which lasted approximately three months. (*Id.* ¶ 62.) While "the investigators found Ms. Doe was not responsible for any sexual harassment charge," Ms. Grewal "inserted a finding that Ms. Doe violated a vague 'Professional Standards' policy, Board Policy ('BP') 4119.2. (*Id.* ¶¶ 63-64.) Ms. Doe had not been provided notice of this charge. (*Id.* ¶ 65.)

On July 28, 2024, the CTC—"rel[ying] on the false statement that . . . Ms. Doe resigned from the District, pending allegations of misconduct that she engaged in grooming behavior with an 8th grade student"—revoked her teaching credentials. (*Id.* ¶¶ 71-72.) Ms. Doe's current job requires teaching credentials. (*Id.* ¶ 78.)

## II.     PROCEDURAL HISTORY

Ms. Doe filed her complaint on August 19, 2024. (Dkt. No. 1.) She brings the following counts: (I) Fourteenth Amendment due process violation against Ms. Grewal in her official capacity, (II) Fourteenth Amendment due process violation against Ms. Grewal in her individual capacity, (III) violation of the California Constitution's due process clause against Ms. Grewal in her official and individual capacities, (IV) Fourteenth Amendment due process violation against the chair of the CTC, Marquita Grenot-Scheyer, in her official capacity, and (V) tortious interference with economic advantage against Ms. Grewal in her individual capacity.

On September 10, 2024, Ms. Doe filed a motion for a preliminary injunction as to the cause of action against Ms. Grenot-Scheyer, which the Court granted. (Dkt. No. 47.)

Ms. Grewal filed the pending motion to dismiss on October 3, 2024. (Dkt. No. 26.)

## III.    MOTION TO DISMISS

### A.     Individual Capacity Fourteenth Amendment Due Process Violation (Count II)

Count II alleges Ms. Grewal is liable in an individual capacity under section 1983 for failing to provide due process when she (1) "transmit[ted] false statements to the CTC which caused the CTC to revoke her credentials," and (2) found Ms. Doe violated the School District's

3

professional standards policy, BP 4119.21.  (Dkt. No. 1 ¶¶ 93-105.)

Ms. Grewal moves to dismiss on several grounds.

### 1. California Statutes

First, Ms. Grewal moves to dismiss on the ground she is immune from liability pursuant to four California statutes.  School districts must "report any change in the employment status of [a] credential holder to the commission not later than 30 days after the change in employment status, if the credential holder, . . . while an allegation of misconduct is pending, . . . resigns . . . [or] retires."  Cal. Educ. Code § 44030.5(a); *see also* Cal. Code. Reg. § 80303(a) (same).  Because she was complying with these provisions, Ms. Grewal contends she "is entitled to immunity pursuant to Government Code section 820.2, 820.4, 821.6, and 822.2 for sending notice to the CTC."  (Dkt. No. 26 at 7.)  The statutes provide immunity to public employees.

But "California may not impair federally created rights or impose conditions upon them." *Willis v. Reddin*, 418 F.2d 702, 704–05 (9th Cir. 1969); *see also Graham v. City of Biggs*, 96 Cal. App. 3d 250, 253 (1979) (concluding the plaintiff's section 1983 claim was not barred by California law immunity provisions); *Butcher v. City of Marysville*, 398 F. Supp. 3d 715, 731 (E.D. Cal. 2019) (striking the government's California Government Code section 820.4 affirmative defense as "legally insufficient to the extent that it is asserted against any of Plaintiffs' federal law claims.").  Because the California statutes Ms. Grewal cites cannot provide immunity for a federal section 1983 claim, dismissal on this ground is inappropriate.

### 2. Sufficiency of Claim

Second, Ms. Grewal moves to dismiss on the ground Plaintiff fails to allege facts sufficient to state a claim.  To allege a section 1983 claim, Plaintiff must show she was "deprived of a right, privilege, or immunity secured by the Constitution and laws."  *Chaudhry v. Aragon*, 68 F.4th 1161, 1170 (9th Cir. 2023) (citing 42 U.S.C. § 1983).  Plaintiff alleges she was deprived of the Fourteenth Amendment's procedural due process protections when Ms. Grewal (1) transmitted a false statement to the CTC that Plaintiff resigned while a misconduct charge was pending, and (2) found Plaintiff responsible for a violation of BP 4119.21.  (Dkt. No. 1 ¶ 86.)  Because the alleged damage is reputational harm, Plaintiff must meet the "stigma-plus" due process standard.

*Chaudhry*, 68 F.4th at 1170 ("A 'stigma-plus' due process claim may lie where reputational harm is accompanied by some additional deprivation of liberty or property.") (cleaned up). To plead a "stigma-plus" due process claim, Plaintiff must show:

> (1) the public disclosure of a stigmatizing statement by the government;
> (2) the accuracy of which is contested;
> (3) *plus* the denial of 'some more tangible interest[] such as employment.

*Id.* (cleaned up).

### a.  Statement to the CTC

As to Ms. Grewal's allegedly false statement to the CTC, Plaintiff does not plausibly allege a stigma-plus due process violation. Ms. Grewal informed the CTC Ms. Doe "resigned pending an allegation of misconduct." (Dkt. No. 1 ¶ 35.) Drawing all inferences in Plaintiff's favor, the accuracy of this statement is contested. Stating Plaintiff *resigned* pending allegations of misconduct carries different connotations than a statement that Plaintiff *retired*. Moreover, in her statement to the CTC, Ms. Grewal omitted that Plaintiff submitted notice of her retirement before the Title IX complaint was filed, creating the misleading impression Plaintiff decided to resign because allegations of misconduct were pending.

While Plaintiff plausibly alleges the accuracy of a stigmatizing statement is contested, Plaintiff does not plausibly allege the public disclosure element of a stigma-plus due process claim. In *Wenger v. Monroe*, the Ninth Circuit concluded "there was no 'public disclosure'" when the disclosures at issue "were made to other branches of the military, not to the public." 282 F.3d 1068, 1075 n.5 (9th Cir. 2002). The situation here is analogous. Plaintiff alleges Ms. Grewal "sent a letter to defendant CTC" with a stigmatizing statement, (Dkt. No. 1 ¶ 35), but she does not allege that letter or the information in it was ever disclosed to the public. Drawing all inferences in Plaintiff's favor, her allegation is insufficient sufficient to allege public disclosure. *See Millman v. Inglish*, 461 F. App'x 627, 628 (9th Cir. 2011) (concluding "notification of the alleged fraud to other public agencies is not a public disclosure"); *Denning v. Lincoln Cnty. Sheriff's Off.*, No. 1:18-CV-00473-BLW, 2020 WL 355209, at *10 (D. Idaho Jan. 21, 2020) (collecting cases

1  indicating "intra-governmental dissemination does not satisfy the 'public disclosure' element of a
2  stigma-plus claim"). Further, Plaintiff does not allege Ms. Grewal has or will disclose the
3  information to prospective employers. *See Brandt v. Bd. of Co-op. Educ. Servs., Third*
4  *Supervisory Dist., Suffolk Cnty., N.Y.*, 820 F.2d 41, 45 (2d Cir. 1987) (concluding the public
5  disclosure requirement was satisfied "where the stigmatizing charges [were] placed in the
6  discharged employee's personnel file and [were] likely to be disclosed to prospective
7  employers."). As such, Plaintiff fails to state a stigma-plus due process claim as to Ms. Grewal's
8  statement to the CTC.

### b. BP 4119.21 Finding

As to Ms. Grewal's BP 4119.21 finding, Plaintiff also fails to state stigma-plus due process claim. While negative information in personnel files may amount to public disclosure when prospective employers are likely to gain access to the files, *see Brandt*, 820 F.2d at 44, Plaintiff does not allege prospective employers are likely to gain access to her personnel file. Nor does Plaintiff allege the accuracy of the statement is contested, the second element of a stigma-plus due process claim. *See Chaudhry*, 68 F.4th at 1170. The complaint does not indicate what constitutes a violation of BP 4119.21 or allege facts indicating the BP 4119.21 finding was false in Plaintiff's case. Finally, Plaintiff does not allege the BP 4119.21 finding led to the denial of a "more tangible interest"—the third requirement of the stigma-plus due process claim. *Id.* The complaint is silent as to whether and how the BP 4119.21 finding deprived Plaintiff of a liberty or property interest.

In sum, Plaintiff does not plausibly allege Ms. Grewal violated Plaintiff's due process rights when she transmitted the statement to the CTC or when she found Plaintiff violated BP 4119.21. So, the Court GRANTS Ms. Grewal's motion to dismiss Count II.

### B. Official Capacity Fourteenth Amendment Due Process Violation (Count I)

Count I alleges Ms. Grewal is liable in her official capacity under section 1983 for the same the same due process violations described above: transmitting a false statement to the CTC and finding a violation of BP 4119.21. (Dkt. No. 1 ¶¶ 80-92.) As described above, Plaintiff does not plausibly allege this conduct constitutes a stigma-plus due process violation.

Moreover, Plaintiff does not allege an ongoing violation of federal law for which she seeks

prospective relief, a requirement under *Ex parte Young*, 209 U.S. 123 (1908). "The *Ex Parte Young* doctrine provides that the Eleventh Amendment does not bar suits for prospective injunctive relief brought against state officers in their official capacities, to enjoin an alleged ongoing violation of federal law." *Hason v. Med. Bd. of California*, 279 F.3d 1167, 1171 (9th Cir. 2002) (quotation marks omitted). "For a suit to proceed under *Ex parte Young*, the plaintiff must allege . . . an ongoing violation of federal law for which she seeks prospective injunctive relief." *R. W. v. Columbia Basin Coll.*, 77 F.4th 1214, 1220 (9th Cir. 2023).

Plaintiff fails to do so here. Under Count I, Plaintiff seeks three forms of relief. First, Plaintiff seeks "an injunction clearing [her] disciplinary record of the false finding." (Dkt. No. 1 ¶ 92.) Because Ms. Doe failed to allege due process violation as to the BP 4119.21 finding, there is no ongoing violation of federal law to warrant clearing her disciplinary record. Second, Ms. Doe seeks "rescission of Defendant Grewal's false statement to the CTC," (Dkt. No. 1 ¶ 92), but again Plaintiff does not allege an ongoing violation of federal law as to the statement. And third, Plaintiff seeks "an injunction ordering the reinstatement of her teaching credentials," (Dkt. No. 1 ¶ 92), but Ms. Grewal has no authority to reinstate Plaintiff's teaching credentials.

At oral argument, Plaintiff conceded to dismissal of Count I without prejudice. So, the Court GRANTS Ms. Grewal's motion to dismiss Count I.

### C. California Constitution Due Process Violation (Count III)

Count III alleges the same conduct that violated Ms. Doe's Fourteenth Amendment rights—transmitting a false statement to the CTC and finding a BP 4119.21 violation—also violated the California Constitution's due process clause. (Dkt. No. 1 ¶¶ 106-119.)

Ms. Grewal asserts she is entitled to sovereign immunity for Count III. The Court agrees as to the official capacity claim. Plaintiff appears to rely on the *Ex parte Young* doctrine to argue against sovereign immunity (Dkt. No. 30 at 11), but that doctrine "provides that the Eleventh Amendment does not bar suits . . . brought against state officers . . . to enjoin an alleged ongoing violation of *federal law*." *Hason v. Med. Bd. of California*, 279 F.3d 1167, 1171 (9th Cir. 2002) (emphasis added). Because Count III alleges a violation of state law, the doctrine is inapplicable.

Count III also sues Ms. Grewal in her individual capacity. The Eleventh Amendment does

7

not bar suits seeking damages against state officials in their personal capacity.  *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991).  But the plaintiff must "identify a statutorily conferred benefit or interest of which he or she has been deprived to trigger procedural due process under the California Constitution."  *Chorn v. Workers' Comp. Appeals Bd.*, 245 Cal. App. 4th 1370, 1387 (2016); *see also Ryan v. California Interscholastic Fed'n-San Diego Section*, 94 Cal. App. 4th 1048, 1069, 4 (2001) (explaining California "state due process constitutional analysis differs from that conducted pursuant to the federal due process clause").  Plaintiff has not done so here, so the Court GRANTS Ms. Grewal's motion to dismiss Count III.

### D.   Tortious Interference (Count V)

In Count V, Plaintiff asserts Ms. Grewal intentionally interfered with Ms. Doe's economic relationship with the CTC by transmitting a false statement.  (Dkt. No. 1 ¶¶ 131-39.)

Ms. Grewal asserts the claim is barred for failure to comply with the Government Claims Act.  The Court agrees.  Under the California Government Claims Act, subject to exceptions not present here, "all claims for money or damages against local entities" "shall be presented" to that entity, and the plaintiff cannot sue until the claim "has been acted upon by the board, or has been deemed to have been rejected by the board."  Cal. Gov't Code § 905; Cal. Gov't Code § 945.4.  The claim presentment requirement also applies to suits against employees of public entities who are acting within the scope of their employment.  Cal. Gov't Code § 950.2 ("[A] cause of action against a public employee . . . for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred.").  A plaintiff must satisfy the Government Claims Act even when "the public entity[] [has] actual knowledge of the circumstances surrounding the claim."  *City of Stockton v. Superior Ct.*, 42 Cal. 4th 730, 738 (2007).  Compliance with this requirement constitutes an element of a cause of action for damages against a public entity or official.  *State v. Sup. Ct. (Bodde)*, 32 Cal.4th 1234, 1243-44 (2004).

Plaintiff does not allege she filed a claim in accordance with the Claims Act or that she was excused from the claim presentment requirements.  At oral argument, Plaintiff agreed to waive the Count V claim without prejudice.

8

**CONCLUSION**

For the reasons stated above, the Court GRANTS Ms. Grewal's motion to dismiss. Counts I, II, and III are dismissed with leave to amend. Count V is dismissed without leave to amend, but without prejudice.

The Court sets a case management conference for January 30, 2025 at 1:30 p.m. via Zoom video. A joint case management conference statement is due by January 23, 2025. The Court will address a deadline for amendment of the claims against Ms. Grewal, should Plaintiff choose to amend, at the conference.

This Order disposes of Docket No. 26.

**IT IS SO ORDERED.**

Dated: November 20, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

9